## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**BRENT JOSEPH FEARHEILY**          **CASE NO.  2:21-CV-00305 SEC P**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**DANNY SEMMES, ET AL**             **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Pro se plaintiff Brent Joseph Fearheily, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on February 3, 2021. Doc. 1.  Plaintiff names Jennings Chief of Police Danny Semmes and Officer Eduardo Mendoza as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, **IT IS RECOMMENDED** that claims against Danny Semmes be **DISMISSED WITH PREJUDICE** as frivolous.  Plaintiff's allegations Office Mendoza will be addressed in a separate order.

## I.
### BACKGROUND

On February 29, 2020, Officer Eduardo Mendoza conducted a traffic stop which led to plaintiff's arrest.  Doc. 1, p. 3.  On the way to the Jennings Police Department, plaintiff lost consciousness "multiple times" in the back seat of Mendoza's car.  *Id*.  He asserts tha,t upon arriving to the police station, he asked for medical attention but was denied by Mendoza, who placed him in a holding cell.  *Id*.  Plaintiff lost consciousness while in the holding cell and "fell busting [his] nose open."  *Id*.  He was taken to the hospital and received medical care but contends

that the incident could have been avoided had he been allowed medical treatment when he asked for it. *Id*. He seeks monetary damages to compensate him for the permanent scarring to his face and partial loss of smell. *Id*. at p. 4.

## II.
## LAW AND ANALYSIS

### A. *Frivolity Review*

Fearheily has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Defendant*

Plaintiff has sued Danny Semmes in his supervisory capacities as the Jennings Chief of Police.  Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983).  In other words, to the extent that plaintiff seeks to name supervisory officials as defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

Fearheily has not asserted a non-frivolous claim against Semmes.  Because he does not allege that any facts that would implicate Semmes as being personally involved the matter before this Court, he is unable to state a claim against him.

### III.
### CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the claims against Danny Semmes be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in Chambers this 11th day of May, 2021.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE