## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRENT JOSEPH FEARHEILY** | : | **CIVIL ACTION NO. 2:21-cv-0305** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DANNY SEMMES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an unopposed Motion for Summary Judgment [doc. 16] filed by Defendant Eduardo Mendoza[1] in this civil rights action brought by pro se plaintiff Brent Joseph Fearheily, who was an inmate in the custody of the Louisiana Department of Public Safety at the time of filing.  The motion was served upon plaintiff at his last known address, but no opposition to the motion was filed.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 16] be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Fearheiley filed this suit under 42 U.S.C. § 1983 against the City of Jennings, Chief of Police, Danny Semmes, and Jennings Police Officer, Eduardo Mendoza, alleging that he was

---

[1] Mendoza is the only defendant remaining in this suit, as claims against Dany Semmes were dismissed on June 30, 2021.  Doc. 10.

stopped for a traffic citation, arrested by Officer Mendoza, "and on the way to Jennings Police Department [he] started losing consciousness multiple times in the back seat." Doc. 1. Plaintiff claims Officer Mendoza refused to let him seek medical attention and placed him in a holding cell. *Id*. at p. 3. After this, plaintiff alleges, he lost consciousness again and fell, busting his nose. *Id*. at p. 3.

The sworn affidavit of Officer Mendoza, the Incident Report, Probable Cause Affidavit, Evidence Receipt, Call for Service and Officer Mendoza's body camera tell a different story.[2] The summary judgment evidence establishes that, on February 29, 2020, at 3:45am, Officer Mendoza observed a Buick Sedan going over the speed limit on Interstate 10. The officer initiated a stop. The officer observed that plaintiff, driver of the vehicle, had marijuana residue on his shirt and pants. Plaintiff was arrested. Upon search of plaintiff's vehicle, the officer found pills and a gun.[3]

Officer Mendoza transported Plaintiff to the Jennings Police Department. While en route, plaintiff fell asleep in the back of the vehicle. Officer Mendoza inquired as to plaintiff's condition at which time plaintiff awoke and answered that he was "just tired."

Upon arrival at the Jennings Police Department, Officer Mendoza conducted a search of plaintiff's person and discovered a black bag containing suspected illicit drugs. Plaintiff was placed in a holding cell. Plaintiff was not handcuffed, and the holding cell contained a large bench. Plaintiff was free to lay down on the bench or on the floor of the holding cell. Officer Mendoza's body camera captured the search and placing plaintiff into the holding cell. The video showed plaintiff to be lucid and evidenced no signs of losing consciousness. Plaintiff made no mention of health issues.

---

[2] This recitation of facts following is gleaned from defendant's Memorandum in Support of Motion for Summary Judgment, doc. 16, att. 2, pp. 2-5 (internal citations omitted). These facts are supported by the evidence submitted.

[3] At the time of the incident plaintiff was on parole for following a felony conviction.

Thereafter the officer proceeded to prepare his necessary paperwork when he was alerted by the Jennings Police Dispatch that plaintiff was requesting an officer. When Officer Mendoza arrived at the cell, he observed blood coming from plaintiff's nose. Plaintiff stated that he fell asleep and hit his head on the opposite bench. Officer Mendoza contacted Jennings Police Department Administration who instructed plaintiff be brought to Jennings American Legion Hospital. Officer Mendoza transported plaintiff to the hospital, where plaintiff was treated and then cleared for incarceration    At no time did plaintiff complain to the officer of losing consciousness, fainting, or anything else of that nature. Plaintiff's only complaint to the officer about his health was his claim of having fallen asleep in the holding cell and hitting his head. Plaintiff never requested medical attention or medical treatment – nevertheless he was taken to the hospital pursuant to instructions from law enforcement administration.

## II.
### LAW AND APPLICATION

### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit

"significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernial Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Local Rule 56.2.

### B.  42 U.SC. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants

liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins,* 108 S.Ct. 2250, 2254–55 (1988).

### C. Medical Indifference

"The Due Process Clause of the Fourteenth Amendment guarantees detainees the right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" *Batyukova v. Doege*, 994 F.3d 717, 732 (5th Cir. 2021) (*quoting Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001)). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Lewis v. Evans*, 440 F. App'x 263, 264 (5th Cir. 2011) (*Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir.2006)). "To prevail on a claim of deliberate indifference under the Fourteenth Amendment, '[t]he plaintiff must show that an officer acted with subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference.'" *Id*. (quoting *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 279 (5th Cir. 2015)) The Fifth Circuit has explained*:*

> But deliberate indifference is an extremely high standard. The prisoner must first prove objective exposure to a substantial risk of serious harm—in other words, the prisoner must prove a serious medical need. Second, the prisoner must prove the officials' subjective knowledge of this substantial risk. Third, the prisoner must prove that the officials, despite their actual knowledge of the substantial risk, denied or delayed the prisoner's medical treatment. Finally, the prisoner must prove that the delay in or denial of medical treatment resulted in substantial harm, such as suffering additional pain.

*Petzold v. Rostollan*, 946 F.3d 242, 248–49 (5th Cir. 2019) (internal citations and quotations omitted). The standard is so high "[e]ven 'gross negligence' does not establish deliberate

indifference." *Lewis v. Evans*, 440 F. App'x 263, 265 (5th Cir. 2011) (citing *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir.2004)).

### D.  Application of Law to the Facts

The defendant argues, and this court agrees, that plaintiff cannot prove any of the elements. First, plaintiff had no objective exposure to a substantial risk of serious harm. The video evidence shows plaintiff was not losing consciousness, was lucid, and was compliant with directions.  Doc. 1, att., 8, Defendant's Exhibit F, Officer Mendoza Body Camera.  His awareness and consciousness in the video are consistent with the arrest and throughout the events thereafter. *Id*. at att. 3, Defendant's Exhibit A, Affidavit of Officer Mendoza, ¶¶ 30-31.  Moreover, plaintiff's falling asleep during the ride to the jail because he was "just tired" is not objective exposure to a substantial risk of serious harm. The court concurs with the defendant's assertion that there was no risk of any harm.

Second, plaintiff cannot prove Officer Mendoza's subjective knowledge of a substantial risk or the refusal of medical treatment.  There was no risk.  Furthermore, plaintiff made no statements to Officer Mendoza regarding his health, losing consciousness, fainting, or anything else of that nature, nor did he request medical attention or medical treatment.  Even after plaintiff hit his head, he did not request medical treatment. Doc. 16, att. 3, Defendant's Exhibit A, Affidavit of Officer Mendoza, ¶ 20. Officer Mendoza was instructed to bring plaintiff to the hospital by Department Administration and he did so.  Plaintiff was treated for his injuries. Plaintiff cannot show that a refusal of medical treatment at all much less that refusal  resulted in substantial harm. This claim is without merit.

## IV.
### CONCLUSION

For the foregoing reasons, the undersigned finds that Officer Mendoza has shown that there are no issues of material fact, and Plaintiff's claim for deliberate indifference to medical needs must fail. Accordingly, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 16] be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE